# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| MICHAEL J. POWELL, | : |
| Petitioner, | : |
| VS. | :     **1 : 09-CV-140 (WLS)** |
| CHRISTOPHER RAILEY, Superintendent, | : |
| Respondent. | : |

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss this federal habeas petition as untimely filed and/or unexhausted. (Doc. 7). The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was signed on September 5, 2009, and filed on September 22, 2009.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely. The petitioner filed this habeas petition challenging his June 23, 2008, probation revocation in the Superior Court of Seminole County. The petitioner did not file a direct appeal of

his probation revocation, making it final on July 23, 2008, the date on which the 30-day period for filing a notice of appeal expired.[1] Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from July 23, 2008, in which to file this federal petition, or toll the limitations period by filing a state habeas petition. The petitioner did not file a state habeas petition, and did not execute this federal habeas petition until September 5, 2009. The court notes that the tolling provision of § 2244(d)(2) therefore does not protect the petitioner herein. *See, e.g.*, *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); *Morris v. Hargett*, 166 F.3d 347 (10th Cir. 1998).

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd day of June, 2010.

*S/ THOMAS Q. LANGSTAFF*

**THOMAS Q. LANGSTAFF**
**UNITED STATES MAGISTRATE JUDGE**

asb

---

[1] Although Georgia law does not provide for an automatic right to a direct appeal from a probation revocation, had petitioner wished to pursue a discretionary appeal, his appeal would have been governed by the thirty (30) day deadline set out in O.C.G.A. § 5-6-35.